Matter of Alfred v Brown (2020 NY Slip Op 02052)





Matter of Alfred v Brown


2020 NY Slip Op 02052


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-05217
2019-05739
 (Docket Nos. V-2752-15/18A, O-377/19)

[*1]In the Matter of Shakarian Alfred, respondent,
v
Raymond Brown, appellant.


Anne Letterio, Beacon, NY, for appellant.
Richard L. Herzfeld, New York, NY, for respondent.
Patrick J. Carle, New City, NY, attorney for the child.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act article 8, Raymond Brown appeals from (1) an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered April 12, 2019, and (2) an order of protection of the same court, also entered April 12, 2019. The order, insofar as appealed from, after a hearing, found that the appellant committed the family offense of harassment in the second degree and directed the issuance of an order of protection. The order of protection, inter alia, directed the appellant to stay away from the petitioner, except during the exchange of the parties' child, until and including April 12, 2021.
ORDERED that the order and the order of protection are affirmed, without costs or disbursements.
In January 2019, the petitioner filed a family offense petition seeking an order of protection against the appellant, alleging that the appellant had committed, inter alia, the family offense of harassment in the second degree. Following a hearing, the Family Court determined, among other things, that the appellant's conduct constituted the family offense of harassment in the second degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner, except during the exchange of the parties' child, until and including April 12, 2021.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Rall v Phillips, 177 AD3d 641, 642). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Mullings v Mullings, 168 AD3d 850, 851; Matter of Washington v Washington, 158 AD3d at 718).
Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of harassment in [*2]the second degree (see Penal Law § 240.26[3]; Matter of Richardson v Brown, 173 AD3d 875, 876-877). The issuance of an order of protection against the appellant was warranted (see Matter of Mullings v Mullings, 168 AD3d at 851).
Accordingly, there is no basis to disturb the Family Court's determination (see Matter of Washington v Washington, 158 AD3d at 718-719).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court